## Baker v. Baker

*Christopher M. Patterson*, for plaintiff.
*Lawrence M. Thompson, Jr.*, for defendant.

MUELLER, *J.*, November 15, 1982—The Chancellor makes the adjudication in the case following a hearing held on October 28, 1982.

### ISSUES

1. Is the real estate located at 125 East State Street, Quarryville, marital property?

2. Is petitioner entitled to the relief requested by her petition for special relief filed August 23, 1982?

3. Should petitioner return the sum of $357, the total of two rental checks, which she retained and used?

## FINDINGS OF FACT

1. Petitioner is Kathy D. Baker, defendant in the divorce action.

2. Respondent is Albert O. Baker, Jr., plaintiff in the divorce action.

3. Petitioner and respondent were married on October 4, 1980, and they have no children.

4. On July 19, 1980, petitioner and respondent were the high bidders at a public sale for a two story dwelling at 125 East State Street, Quarryville, Lancaster County, Pa.

5. Petitioner and respondent applied for a joint mortgage loan to finance the house purchase and were rejected based on their inadequate earning history.

6. Respondent filed a second mortgage application together with his parents, which loan was approved.

7. Respondent made the down payment solely from his own funds. The deed transferring the property to respondent and his parents as joint tenants with the right of survivorship and not as tenants in common was dated August 27, 1980 and recorded at Deed Book T, Volume 80, Page 389 (C. P. #4).

8. After petitioner and respondent were married, the monthly payments were made out of a joint checking account which consisted of respondent's salary and the rental income from the second floor apartment at 125 East State Street.

9. The parties resided in the first floor living unit at 125 East State Street from the time they were married until April 30, 1982, at which time respondent moved out.

10. Petitioner and respondent entered into a support agreement dated June 30, 1982 (C. P. #3). Respondent agreed to pay petitioner $60 per week

and also pay for the mortgage, repairs, sewer and water, property taxes, home insurance, oil, and trash removal for the house at 125 East State Street.

11. While the parties were separated and petitioner was living at 125 East State Street, petitioner took two rent checks to pay for car repairs.

12. Testimony by the parties and the support agreement (C. P. #3) indicate that respondent was not responsible for car repairs, only for car payments and insurance.

13. On July 26, 1982, respondent and his parents instructed a Constable to serve a "Notice to Quit" on petitioner. This notice is attached to petitioner's petition for special relief marked as Exhibit "B."

14. On August 12, 1982, respondent transferred his interest in 125 East State Street to his parents for $3,900 which is the amount of the down payment and principal paid to that date by him.

15. On August 26, 1982, petitioner filed this petition for special relief.

16. On September 11, 1982, respondent's father, Albert O. Baker, Sr., filed a landlord and tenant complaint (C. P. #2) against petitioner.

17. Petitioner is a healthy woman without any disabilities and should be able to sustain gainful full time employment.

## DISCUSSION

Pursuant to Pa.R.C.P. 126 and to avoid further litigation, the court intends to resolve a number of issues to hopefully avoid as much court time as possible in this dispute between the parties.

The evidence shows that the house at 125 East State Street, Borough of Quarryville, was purchased by respondent and his parents on August 27,

1980. The settlement took place five weeks before respondent and petitioner were married. The initial issue is whether this real estate is marital property. Section 401(e) of the Divorce Code, 23 P.S. § 401(e), defines marital property:

"(e) For purposes of this chapter only, 'marital property' means all property acquired by either party *during the marriage* except . . . " (Emphasis added.)

It is not disputed that the house does not fit into any one of the exceptions in the statute. A plain reading of the statute leads the court to the conclusion that this is not marital property. The house was not purchased during the marriage. The Court of Common Pleas in Erie County discussed this issue in Rudd v. Rudd, No. 9320-A-1980. In Rudd, the court en banc sustained exceptions to a master's finding that the increased value of a home which was bought prior to the marriage was marital property. The court en banc held, in effect, that the house was not marital property and also that the increase in value due to inflation was not marital property. The facts in Rudd are very close to this case. Mr. Rudd had bought a house four months prior to the marriage with his own funds. He had made all the mortgage payments himself during the marriage. The house was bought in 1975 for $26,000. The house at the time of the suit was worth $42,000. The master found the increase was due to inflation and not as a result of any significant expenditure or improvements. The master did not find the house to be marital property but did find the increase in value to be marital property and divided the increased value equally between the parties. Exceptions were taken by Mr. Rudd, and the court en banc sustained Mr. Rudd's exception as to the master's finding the increase to be marital prop-

erty. There was no dispute that the house was not marital property. This court does not have to go as far as the court in Rudd since the issue of increased value is not before this court. However, it is clear through a literal reading of the statute and the rationale of the Erie County Court of Common Pleas in Rudd, in which this court concurs, that the house at 125 East State Street is not marital property.

The court recognizes petitioner may have a right to petition to modify the support agreement since respondent's father could prevail in the landlord and tenant proceeding. The court also notes that petitioner is a healthy, young woman, without any disabilities, and should be able to sustain gainful full time employment assuming she is motivated to seek full time employment.

Petitioner testified that she took two rental checks for the payment of a car repair bill. Petitioner could not remember if car repair bills were discussed at the support conference. Respondent clearly remembered the subject was discussed and that such repair bills were not an expense for which he was responsible. Respondent's testimony is corroborated by the agreement for entry of support order (C. P. #3) which provides that respondent was only responsible for car payments and insurance. The court finds petitioner's taking of the checks was wrongful. The amount of the checks, $357, must be returned to respondent or credited toward any future modification of the existing support order.

## CONCLUSIONS OF LAW

1. The real estate at 125 East State Street, Quarryville, Lancaster County, Pa., is not marital property.

2. Petitioner is not entitled to special relief.

3. Petitioner wrongfully retained and used two rent checks in the total sum of $357.

## DECREE NISI

And now, November 15, 1982, it is ordered, adjudged and decreed that the house at 125 East State Street, Quarryville, Lancaster County, Pa., is not marital property. Petitioner is not entitled to special relief.

The costs of this litigation are assessed equally against both parties.

Petitioner is directed to pay respondent the sum of $357, the amount of the rental checks which she wrongfully retained and used, or such amount may be credited toward any future modification of the existing support order.

This decree is entered as a decree nisi to become final in the absence of exceptions thereto filed in accordance with the procedural rules applicable to actions in equity. The Prothonotary shall give immediate notice of the entry of this decree to counsel for both parties.